IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOE CUMMINGS BONNER,

        Plaintiff,

    v.

DAVID PELL WILLIAMS; and
HEATHER DEMARY,

        Defendants.

Case No 2:21-cv-00758-JR

ORDER TO AMEND

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

Plaintiff alleges defendant Williams, who is an Umatilla Tribal Police Department officer, and Heather Demary, a Housing Coordinator with the Confederated Tribes of the Umatilla Indian Reservation, conducted an illegal search of plaintiff's residence. Plaintiff also alleges that defendant Demary harassed plaintiff's wife, and that she discriminated against plaintiff based on his race. By way of remedy, plaintiff seeks money damages.

1 - ORDER TO AMEND

**STANDARDS**

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Section 1983 claims alleging the deprivation of rights under color of Tribal law "cannot be maintained in federal court." Evans v. McKay, 869 F.2d 1341, 1347 (9th Cir. 1989). Instead, a

2 - ORDER TO AMEND

plaintiff asserting § 1983 claims against a Tribal official must show that the Tribal official "may fairly be said to be a state actor."  Id.   This requirement is satisfied where, for example, Tribal officials acted "in concert with officers of the state" or acted as enforcers of state or local authority.  Id. at 1348.   Similarly, a Tribal official does not act under color of federal law for the purposes of an action under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the federal-defendant equivalent to § 1983, unless there is "some interdependence between the federal government" and the Tribal official; in other words, unless there is a "symbiotic relationship" between federal and Tribal officers.   Bressi v. Ford, 565 F.3d 891, 898 (9th Cir. 2009).

The allegations in plaintiff's Complaint do not give rise to a reasonable inference that any defendant acted in concert with state or federal officials.   Nor is there any plausible allegation that defendants had a "symbiotic" relationship with state or federal actors, in the context of the actions described in the Complaint, such that those actions could fairly be read as actions of the state or federal government itself.

Moreover, plaintiff's claims of illegal search and seizure appear to be barred under Heck v. Humphrey, 512 U.S. 477 (1994).   Under Heck, when a prisoner seeks damages in a § 1983 suit, the court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."   Id. at 487.  Here, plaintiff has not alleged facts sufficient to satisfy Heck.   See Harvey v. Waldron, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (civil rights action seeking damages for an allegedly illegal search and seizure upon which criminal charges are based is barred by Heck until the charges are dismissed or the conviction overturned), overruling on other grounds recognized by Reynaga v.

3  - ORDER TO AMEND

Skinner, 969 F.3d 930 (9th Cir. 2020).

To the extent plaintiff alleges that defendant Demary verbally harassed plaintiff's wife, plaintiff cannot maintain an action based on the alleged violation of another person's constitutional rights. See Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir. 1991) (a non-lawyer may not file papers with the court or otherwise represent the rights of a *pro se* litigant). In any event, verbal harassment does not rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); Rutledge v. Arizona Board of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom, Kush v. Rutledge, 460 U.S. 719 (1983) (same).

Finally, to state a claim of discrimination in violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (citation omitted). Plaintiff alleges only that defendant Demary "discriminated against me because of my race which is African American (Black)." Complaint, ECF No. 2, p. 4. Plaintiff's conclusory statement is not sufficient to state a claim upon which relief may be granted. See Wilson v. Fox, No. 216CV0219JAMACP, 2017 WL 5526540, at *3 (E.D. Cal. Nov. 17, 2017) (sua sponte dismissing conclusory allegations of discrimination based on race where "no facts . . . [were alleged] to demonstrate a race-based, discriminatory motive behind defendants' actions"); Pagtakhan v. Doe, No. C 08-2188 SI (pr), 2013 WL 3052865, at *4 (N.D. Cal. June 17, 2013) ("[e]ven with liberal construction, the allegations do not state a cognizable equal protection claim for racial discrimination because there is no non-conclusory allegation of intent or purpose to

discriminate against plaintiff based on his race");

## **CONCLUSION**

Based on the foregoing, the IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.  Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this   11th   day of April 2022.

                                                   /s/ Jolie A. Russo
                                                Jolie A. Russo
                                                United States Magistrate Judge